O

                    **UNITED STATES DISTRICT COURT**

                    **CENTRAL DISTRICT OF CALIFORNIA**

| United States of America, | ) CR 05-00889 RSWL |
|---|---|
| Plaintiff, | ) **ORDER Re: Defendant's Motion for New Counsel [125]** |
| v. | ) |
| Santiago Curiel, | ) |
| Defendant. | ) |

Presently before the Court is Defendant Santiago Curiel's Motion for New Counsel [125]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

Defendant Santiago Curiel's Motion for New Counsel is **DENIED**.

Defendant Santiago Curiel ("Defendant") brings this present Motion requesting the appointment of counsel in order to aid Defendant in his proceedings under 28 U.S.C. § 2255 ("2255 Motion").

The Supreme Court has repeatedly recognized that

defendants have no right to counsel beyond their first appeal of right. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Ninth Circuit has similarly recognized that "[p]risoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions." United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990).

As such, there is no right to appointment of counsel in a proceeding under 28 U.S.C. § 2255. Id. However, pursuant to 18 U.S.C. § 3006A(a)(2)(B), a prisoner "seeking relief under § 2255 may be provided counsel when 'the court determines that the interests of justice so require and such person is financially unable to obtain representation.'" Sarratt v. United States, 2010 WL 2898293, at *4 (N.D. Cal. July 21, 2010)(quoting 28 U.S.C. § 3006A(a)(2)(B)). However, "[s]ituations where the appointment of counsel for a § 2255 petitioner is appropriate are very rare, and such appointment is typically reserved for truly complex and legally subtle cases." Fernandez-Malave v. United States, 502 F. Supp. 2d 234, 241 (D.P.R. 2007)(citing United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993)).

The Court finds that the interests of justice do not require that counsel be appointed for Defendant here for his 2255 Motion. Specifically, the Court finds that Defendant will be able to sufficiently articulate his claims, as the legal issues raised by Defendant's 2255 Motion "lack the complexity that would render

appointment of counsel appropriate in the interest of justice." <u>Fernandez-Malave</u>, 502 F. Supp. 2d at 241.

As such, the Court **DENIES** Defendant's Motion for New Counsel.

DATED: July 21, 2011

**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge