**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br><br>Santiago Curiel,<br><br>Defendant. | ) | 2:05-cr-00889-RSWL<br><br>**Order re: Petitioner's Letter** [155] **Construed as a Motion for Reconsideration** |

Before the Court is a Letter [155] from Petitioner Santiago Curiel, which the Court construes as a Motion for Reconsideration of the Court's October 2, 2014 Order [154] Denying Petitioner's Motion to Appoint Counsel [152]. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Petitioner's Motion for Reconsideration ("Motion") [155] requests the Court to appoint counsel to assist Petitioner with an 18 U.S.C. § 3582(c)(2) motion based upon the newly effective Amendment 782 to

the United States Sentencing Guidelines. Pet’r’s Mot. (“Mot.”) 1.

The Court, having reviewed all papers submitted and pertaining to this Motion, and finding that further briefing is not necessary on this matter, **NOW FINDS AND RULES AS FOLLOWS**: The Court **DENIES** Petitioner’s Motion [155].

## I. BACKGROUND

On September 26, 2014, Petitioner filed a Motion for Reduction/Modification of Sentence [151] pursuant to 18 U.S.C. 3582(c)(2) and based on Amendment 782. On the same day, Petitioner also filed a Motion to Appoint Counsel [152] to assist him in bringing a 3582 Motion.

On October 2, 2014, the Court denied [153] Petitioner's 3582 Motion because Amendment 782 was not yet effective and, even if effective, Amendment 782 would not lower Petitioner's sentence because Petitioner’s sentence was based on the career offender guidelines and Amendment 782 does not affect the career offender guideline ranges. Order re: Mot. Reduction/Modification Sentence 3:14-5:15, Oct. 2, 2014, ECF No. 153. On the same day, the Court also denied [154] Petitioner's related Motion for Appointment of Counsel, finding that Petitioner was not entitled to appointment of counsel and that appointing counsel was not appropriate in Petitioner’s case. Order re: Motion to Appoint Counsel, Oct. 2, 2014, ECF No. 154.

Petitioner's present Motion [155] again requests the Court to appoint counsel to assist him in preparing a 3582 motion based on Amendment 782. Mot. 1; see Order re: Mot. Reduction/Modification Sentence 3:14-4:14, ECF No. 153.

**II. LEGAL STANDARD**

"When a party seeks reconsideration of an interlocutory order rather than a final judgment, . . . the motion is governed by Local Rule 7-18." In re Benham, No. 13-cv-00205-VBF, 2013 WL 3872185, at *2 (C.D. Cal. May 29, 2013) (citing Lozano v. AT&T Wireless, No. 02-cv-00090-WJR, 2003 WL 25548566, at *1 (C.D. Cal. Aug. 18, 2003) ("While Federal Rules of Civil Procedure 59 and 60 permit reconsideration of final judgments, California Central District Local Rule 7-18 allows motion for reconsideration 'of the decision on any motion.'"); Union Pacific R.R. Co. v. Coast Packing Co., 236 F. Supp. 2d 1130, 1137 (C.D. Cal. Jan. 29, 2002)); see C.D. Cal. L.R. 7-18.

Rule 7-18 states that a motion for reconsideration "of the decision on any motion" may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

(b) the emergence of new material facts or a change of law occurring after the time of such decision, or

(c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18.

**III. ANALYSIS**

Amendment 782 was not effective on the October 2, 2014 date of the Court's Order [154] denying Petitioner's prior Motion to Appoint Counsel, but later went into effect on November 1, 2014. See Mot. 1; Serrano v. United States, No. 1:02-cr-05319-LJO, 2014 WL 6773237, at *1 (E.D. Cal. Nov. 10, 2014). Thus, Petitioner properly asserts "a change of law" that occurred after the time of the Court's Order [154]. See C.D. Cal. L.R. 7-18.

However, this "change of law" is not relevant to the Court's prior Order [154] denying Petitioner's Motion for Appointment of Counsel. See . Order re: Motion to Appoint Counsel 1:28-2:19. In that prior Order [154], the Court found that Petitioner was not entitled to appointment of counsel and that, upon review of Petitioner's 3582 motion and in the discretion of the Court, appointment of counsel in Petitioner's case was not appropriate. Id. In other words, the newly effective nature of Amendment 782 does not alter or affect the Court's analysis in the prior

Order [154].

Further, the Court's review of Petitioner's 3582 motion would not have been different after Amendment 782 went into effect because the Court's Order [153] regarding Petitioner's 3582 Motion [151] analyzed Petitioner's 3582 Motion as if Amendment 782 was effective. See Order re: Mot. Reduction/Modification Sentence 3:14-5:15. The Court concluded: "even if Amendment 782 becomes effective, Petitioner is not eligible for a sentence reduction under Amendment 782." Id. at 4:17-19; see, e.g., United States v. Townsend, 98 F.3d 510, 512-13 (1996).

None of the other grounds under Local Rule 7-18 are asserted or described by Petitioner's Motion.

**IV. CONCLUSION**

As there are no valid grounds upon which the Court may reconsider its prior Order [154] denying Petitioner's Motion to Appoint Counsel, see C.D. Cal. L.R. 7-18, Petitioner's Motion for Reconsideration [155] is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 12, 2015

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge